Eastern District of Kentucky
FILED
OCT 22 2010
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:10-CV-367-JMH

**ASHLEY GREEN**
1193 Sovereign Drive
Loveland, Ohio 45140

PLAINTIFF,

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 U.S.C.A. §1983, et seq., FOR BREACH OF CONTRACT UNDER 28 U.S.C.A. §1367, FOR RETALIATION AND FOR INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS

vs.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**DEMAND FOR JURY TRIAL**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MARK SANDY**                                                                DEFENDANTS.
Athletic Director,
Eastern Kentucky University
115 Alumni Coliseum
521 Lancaster Avenue
Richmond, Kentucky 40475

**LINDSAY BASALYGA**
Women's Head Soccer Coach
Eastern Kentucky University
115 Alumni Coliseum
521 Lancaster Avenue
Richmond, Kentucky 40475

**VIRGINIA UNDERWOOD**
President's Chief of Staff
Eastern Kentucky University
521 Lancaster Avenue
Richmond, Kentucky 40475

**BOARD OF REGENTS
EASTERN KENTUCKY UNIVERSITY
Gary Abney, Chair
Greg Turner, Vice Chair
Steven Fulkerson, Secretary/Staff
Malcolm Frisbie, Faculty**

1

**Caleb Armbrust**
**John Bizzack**
**Nancy Collins**
**Ernie House**
**Anita Johnson,**
**David Sloan**
**David Tandy**
521 Lancaster Avenue
Richmond, Kentucky 40475

**EASTERN KENTUCKY UNIVERSITY, INCORPORATED**
521 Lancaster Avenue
Richmond, Kentucky, 40475

**EASTERN KENTUCKY UNIVERSITY**
**DEPARTMENT OF ATHLETICS**
115 Alumni Coliseum
521 Lancaster Avenue
Richmond, Kentucky 40475

*******************

Comes now Ashley Green, by and through Counsel, and respectfully complains as follows:

## JURISDICTION

1. The jurisdiction of this court is conferred by Title 42 Section 1983 of the United States Code providing for protection of a citizen's civil rights and property interests and Title 28, Section 1367 of the United States Code providing for Supplemental jurisdiction for state law claims. Jurisdiction further arises under Title 28, Section 1331 of the United States Code and Title 28, Section 1332 of the United States Code.

## VENUE

2. The Venue of this Court is conferred by Title 28 Section 1391 of the United States Code as the judicial district where the major portion of the events occurred that gave rise to this action.

## THE PARTIES

2

3. The plaintiff is a citizen of the United States, residing at 1193 Sovereign Drive Loveland, Ohio 45140. She is enrolled in good standing in Eastern Kentucky University

4. Defendant Mark Sandy, is the Athletic Director at Eastern Kentucky University, is sued in this action in his individual and official capacity.

5. Defendant Lindsay Basalyga, the Women's Soccer Coach at Eastern Kentucky University, is sued in this action in her individual and official capacity.

6. Defendant Virginia Underwood is the President's Chief of Staff at Eastern Kentucky University, is sued in her official capacity.

7. Defendant Eastern Kentucky University is a non-for profit incorporated state university of the Commonwealth of Kentucky for the purpose of higher education of the citizens of the Commonwealth of Kentucky and is the employer of the aforementioned Defendants Mark Sandy, Lindsay Basagalya, and Virginia Underwood.

8. Defendants, the Board of Regents, are the following: Gary Abney, Chair; Greg Turner, Vice Chair; Steven Fulkerson, Secretary/Staff; Malcolm Frisbie, Faculty; Caleb Armbrust; John Bizzack; Nancy Collins. Ernie House; Anita Johnson; David Sloan; David Tandy, who are located at 521 Lancaster Avenue, Richmond, Kentucky 40475, and are sued in their official capacity for the purposes of this action.

9. Eastern Kentucky University, Department of Athletics, is a department and/or program or both that sponsors the Division I Women's Soccer program.

## RELEVANT FACTUAL BACKGROUND

10. In the spring of 2005, Plaintiff, Ashley Green, as a junior in Milford High School, Milford, Ohio, verbally committed to play soccer on Eastern Kentucky University women's soccer team.

11. Ashley Green's verbal commitment was based on the recruitment statements of Coach Lindsay Basalyga that she, Ashley Green, could play all four years and start in every game.

12. Ashley Green signed a Letter of Intent in her senior year to play women's soccer at Eastern Kentucky University, beginning in the Fall of 2006-2007 academic year.

13. Eastern Kentucky University offered her $8,000 in athletic scholarship financial aid to play women's soccer at Eastern Kentucky University.

14. Ashley Green understood that her scholarship was not a four-year commitment, but renewable annually under NCAA rules as well as the rules of Eastern Kentucky University.

15. Ashley Green enrolled for the 2007-2008 academic year as a student at Eastern Kentucky University based on the above promises of Coach Basalyga that she play women's soccer.

15. Ashley Green participated in the Women's Soccer Program without major incident during her freshman (2007-2008) and sophomore (2008-2009) years.

16. On or about October 31, 2009, Ashley Green and some teammates went off campus and, in a social environment, consumed alcoholic beverages that evening. .

17. Ashley Green and her teammates did so knowing that there was no practice or athletic obligation to a team commitment on Sunday, November 1, 2009.

18. On or about Sunday evening, November 1, 2009, Coach Basalyga asked for all team members who had consumed alcohol on or about October 31, 2009, to come forward to let her know before practice the next day, Monday, November 2, 2009.

19. Ashley Green acknowledged that she had gone off campus for social drinking on or about October 31, 2009.

20. As a punishment, Ashley Green was told that she (i) was to go to counseling until she was dismissed; (ii) was to stay on bus and not attend the Ohio Valley Conference Awards Assembly when she was to receive an award to Conference Second Team and (iii) was to lose $2,000.00 from her $8,000.00 scholarship award for the 2010-2011 academic year.

21. These punishments were in excess of sanctions stated in the Student Athlete Handbook, 2009-2010.

22. Ashley Green became aware of practices of Coach Basalyga that concerned her, namely requiring the team captains to sign blank forms for the report on the student-athletes' hours of involvement required in athletics.

23. In addition, the Coach had adopted a "point system" on which participation in competition would be based.

24. Many of the points which a student athlete had to acquire were based on requirements that had nothing to do with athletics, such has having to study in the Student-Athlete Center rather than in areas where the student body in general studied. A student-athlete could not receive points for studying alone; there had to be at least three individuals in the study session.

25. In addition, Ashley Green received harassing text messages from Coach Basaliyga for not attending the soccer game at Northern Kentucky University coached by the father of Coach Basalyga.

26. During the 2009-2010 year at least seven (7) of the women's soccer team quit.

27. Since Ashley Green joined the team, approximately seventeen (17) members had quit the team, and as a consequence many of the quality players were leaving and going elsewhere to play soccer which was damaging to the team.

28. In an effort to improve the team's retention and capacity to developed, Ashley Green attempted to discuss these matters with the Coach, but was not successful in obtaining a fair and impartial hearing.

29. Ashley then went to the Athletic Director on or about April 7, 2009, who gave her an opportunity to state her complaints with the women's soccer program and recommend ways, from a student's perspective, to improve it. The Athletic Director insured Ashley Green that anything she said to him would not be held against her.

30, The Athletic Director listed to Plaintiff and asked he to come back to talk further with him on April 29, 2010.

31. On or about May 12, 2010, David Green, father of Ashley Green, contacted the Athletic Director and then sent a letter to the President of the University, Charles Douglas Whitlock regarding the conditions on the women's soccer team.

32. As a result of David Green's letter to the President, Ashley Green was contacted by the President's Chief of Staff, Virginia Underwood.

33. Ashley Green received an email from Virginia Underwood on or about May 26, 2010. The purpose of the email was to inform Ashley that President Charles Douglas Whitlock had requested Ms. Underwood to investigate concerns that Mr. Green, Ashley's Father, had expressed in a letter to President Whitlock regarding the Women's Soccer Team.

34. On or about June 30, 2010, the Athletic Director asked Ashley to come in for an appointment and told her that she was dismissed from the team but that her athletics scholarship would be reduce from #8,000 to $6,000 for the coming academic year. 2010-2011.

35. Ashley Green asked Mark Sandy if he would give her a statement in writing as to why she was off the team and he said that he did not have to give her anything in writing but that

she would be receiving a letter from the President's Office responding to her Father's initial letter and provide her with a response as to why she was off the women/s soccer team.

36. On July 12, 2010, Ashley Green wrote to the President's Chief of Staff, Virginia Underwood to find out her status on the Women's Soccer Team, explaining that Mark Sandy, Athletic Director told her to do so..

37. Ms. Underwood responded to Ashley Green that she had conferred with Mr. Sandy and that he has completed his review and that he met with Ashley Green to advise her of his decisions.

38. Ashley received a letter from the Financial Aid Department notifying her that her Athletics aid had been reduced. She appealed that reduction and was notified of a hearing on August 4, 2010.

39. In a letter sent previous to the Hearing, Ashley Green argued that she was treated differently than others similarly situated because she was the only student athlete whose coach reduced her financial aid but did not offer her the opportunity to make up the aid.

40. The Hearing Committee decided to amend its decision for a reduction of only $1,000.00 for Ashley Green's drinking off campus on or about October 31, 2009, thus giving her an Athletics grant in aid for the 2010-2011 academic year when she was not allowed to participate in the sport and had no reason offered to her.

41. The Committee stated there was no appeal from its decision on financial athletics aid.

## FIRST CAUSE OF ACTION –

## VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS BEFORE BEING DEPRIVED OF A PROPERTY RIGHT.

42. Plaintiff hereby incorporates by reference Paragraphs1 through 41..

43. Ashley Green and her parents chose enrollment at Eastern Kentucky University solely because of the total educational experience that the Coach offered her, namely earning a degree in a selected major in four years and playing soccer on the women's team

44. Ashley Green has remained academically eligible during the past three years and has participated on the team with skill and ability, recognized by the Ohio Valley Conference by conferring an All-Conference Second Team award on or about November 5, 2009.

45. Ashley Green has no Notice or Hearing regarding any action of hers that would have deprived her of the opportunity to participate on the women's soccer team.\

46. Acting solely in their official positions, as employees of a State University, the Women's Head Soccer Coach, the Athletic Director and the President's Chief of Staff have, under color of the law, deprived Ashley Green of her right during her fourth and senior year to a total educational experience at Eastern Kentucky University which she has invested in over the last three years, relying on the promises of the Coach and Athletic Director.

47. The President's Chief of Staff, acting her capacity under color of the law, omitted a direct answer to Ashley Green in her July 14, 2010 response to Ashley Green's July 12, 2010 inquiry as to what was her status on the Women's Soccer Team.

48. To date, Ashley Green has invested the three full years of her life in a combined educational and athletic experience in reliance on the promises made by the Coach Lindsay Basalyga.

49. To date, Ashley Green's parents have supported her educational experience by investing $10,000 to $12,000 dollars a year for the last three years and will spend another $10,000.00 to $12,000.00 during her senior year.

50. Ashley Green's property interest in her fourth year has been injured to the extent that the Athletic Director, the Coach of Women's Soccer, and the President's Chief of Staff, acting in the individual and official capacities of their offices, exercised authority possessed by virtue of state law to remove her, or allow her to be removed, from the women's soccer team without Notification in writing or a Hearing as to why she was removed from the women's soccer team.

51. The loss that resulted to Ashley Green of the opportunity to play women's soccer was the direct result of the decisions of Lindsay Basalyga, Women's Soccer Coach, Mark Sandy, Athletic Director, and Virginia Underwood, to remove her from participation on the team for the 2010-2011 Women's Soccer Season, without any existing violation on the part of Ashley Green to justify the loss of her entitlement to participate in intercollegiate athletics.

52. Ashley Green, as a recruited student athlete has a special relationship with the Intercollegiate Athletic Department at Eastern Kentucky University and with Eastern Kentucky University, that entitled her to play women's soccer all four years based on the Coach Lindsay Basalyga's recruitment offer, Ashley's signing of a Letter of Intent, and receipt of $8,000.00 athletics financial scholarship.

53. By refusing to give her a release in writing, the Athletic Director has deprived Ashley Green of permission to contact other coaches under the NCAA rules and regulations to continue her total educational experience of combining her pursuit of an academic degree in a selected major and participation in women's soccer at the intercollegiate level.

54. By refusing to give her a release in writing, the Athletic Director has deprived Ashley Green of the opportunity of the one-time transfer exception to transferring to another with the opportunity to play intercollegiate women's soccer.

55. The actions of the Defendants have deprived Ashley Green of her rights as a citizen of the United States under the Fourteenth Amendment of the Constitution of the United States. and the Constitution of the State of Ohio. Article I, §1 and the Constitution of the Commonwealth of Kentucky, Article I, Fifth Paragraph, as a student of Eastern Kentucky University, without due process of Notice and Hearing

56. In addition to a violation of Ashley Green's procedural due process rights, the state actors, herein Mark Sandy, Athletic Director, Lindsay Basalyga, Women's Soccer Coach, and President's Chief of Staff, acting in their individual and official roles as employees of a state university, Eastern Kentucky University, deprived Ashley Green of her rights to a total educational experience, by arbitrarily, without due process of serving Notice and a Hearing, taking away her status as a member of the women's soccer program, thereby depriving her of her property interest in a total educational experience which she holds under the fourteen amendment and under the state constitution of Ohio and of the Commonwealth of Kentucky.

57. Ashley Green's prospective property interest in career opportunities has been damaged by Athletic Director, the Women's Soccer Coach, and the President's Chief of Staff, dismissing her from the team during her senior year because student-athletes have a greater advantage for being hired in the work force due to their demonstrated ability for team work and discipline required for Division I competition.

## SECOND CAUSE OF ACTION –
## BREACH OF INTERCOLLEGIATE STUDENT -ATHLETE HANDBOOK.

58. Plaintiff hereby incorporates by reference Paragraphs 1 though 57 as if rewritten in their entirety.

59. .The Athletic Director, the Women's Soccer Coach, and the President's Chief of Staff, violated Eastern Kentucky University's 2009-2010 Student Athlete Handbook, pages 21-22 on Classification of Offenses and Sanctions, (attached) by punishing Ashley Green with a dismissal from the team when she did not commit any offense that merits dismissal from the women's soccer team. Dismissal from the Women's Soccer team is a Category II offense. Ashley Green has not been shown to have committed a Category II offense.

60. The Athletic Director and Women's Soccer Coach violated the University Handbook by reducing her athletics aid, or recommending a reduction to the Financial Aid Department, as a sanction for her behavior on or about October 31, 2009. Reduction is aid is a Category II Offense. . Ashley Green has not been shown to have committed a Category II offense.

61. The Athletic Director violated the NCAA Rules and Regulations by failing to provide Ashley Green with a written release from the Women's Soccer Team. This she asked for on July 1, 2010, at an interview requested by the Athletic Director who replied to Ashley Green that he did not have to provide anything in writing.

62. Ashley Green was punished for the offence of October 31, 2009, more harshly than other offenders on the women's soccer team and in excess of the rules and regulations stated in the Eastern Kentucky University Department of Intercollegiate Athletics 2009-2010 Student Athlete Handbook sets forth on pages:

### THIRD CAUSE OF ACTION – RETALIATION

63. Plaintiff hereby incorporates by reference Paragraphs 1 though 62 as if rewritten in their entirety.

64. Plaintiff, Ashley Green, was told by the Athletic Director and by the President's Chief of Staff that there would be no retaliation for filing a complaint about the way the Women's Head Soccer Team Coach had been treating her and other teammates.

65. Plaintiff relied on these assertions of confidentiality and protection from adverse treatment and reveal to the Athletic Director and to the Chief of Staff. deficiencies in the way Coach Lindsay Basalyga was handling the administration of team matters, such as having team captains sign blank Practice Hours Report forms for the players, having the team fill in NCAA surveys with the Coash's answers, and threatening the players if they did not do so, and inconsistencies in the applying sanctions and discipline measurement to team personnel.

66. Ashley Green believes that she the Coach retaliated against her for whistleblowing because the Ashley Green received an email from the Coach dated May 26, 2010 telling her that she could not work Coach's privately owned summer camp because of the letter that her Father wrote to the President about the Coach..

67. Ashley Green believes that the Coach's decision to ban her from working Coach's summer camp, as she had in previous summers, was an adverse action directly caused because Ashley Green revealed deficiencies regarding Coach Basalyga's administration of the Women's Soccer Team to the Athletic Director and the President's Chief of Staff.

68. Ashley Green also believes that she was dismissed from the women's soccer team in retaliation for the information she divulged about the way Coach Lindsay Basalyga treated her and her teammates, and administered the paper work on the team.

69. Ashley Green believes that the adverse actions of the Coach and the Athletic Director in dismissing her from the team was and adverse action directly caused by Ashley Green's

divulging deficiencies of the Coach's team administration to the the Athletic Director and the President's Chief of Staff.

## FOURTH CAUSE OF ACTION –

## INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiff hereby incorporates by reference Paragraphs 1 though 69 as if rewritten in their entirety.

71. The Defendants Athletic Director's and the Coach of the Women's Soccer Team's actions of dismissing Ashley Green from the Women's Soccer Team was unreasonable and outrageous because there was no reason given to her to justify dismissal, she had built up her skills with expectations of participating in her senior, and she had made her complaints about the Women's Soccer Coach in an effort to improve the program and based on the word of the Athletic Director and the President's Chief of Staff.

72. The Athletic Director and the Coach dismissed Ashley Green from the Women's Soccer Team without stating a reason in reckless disregard of the probability of causing her intense emotional distress;

73. The Plaintiff has suffered severe or extreme emotional distress by being isolated from the team members she had bonded with the last three years.

74. The actual and proximate cause of Ashley Green's emotional distress is Defendants Athletic Director's and the President's Chief of Staff's failure to give her a reason for her dismissal from the team and because of Coach's directions to current team members not to visit with her.

## REQUEST FOR RELIEF

1. WHEREFORE, Plaintiff requests injunctive relief against the decision of the Athletic Director to dismiss her from the Women's Soccer Team without Notice or Hearing, and

2. Plaintiff requests this Court to find that Defendants have violated her Fourteen Amendment civil rights and to issue an order directing the Athletic Director and to Coach Lindsay Basalyga to preserve Ashley Green's final year of eligibility to participate in practice and competition on the Women's Soccer Team at Eastern Kentucky University for the 2011-2012 academic year in like contribution to the first three years; and

3. Plaintiff requests that her scholarship funds be continued during her 5th academic year to support study for a graduate degree; and

4. Plaintiff requests that the Court order the Defendants to repay the expenses that Ashley Green and her parents have encountered since the fall of 2007 in this matter; and

5. Plaintiff requests that the Court order the Defendants to pay the Court Costs and the Plaintiff's Attorney Fees; and

6. Plaintiff request that the Court order the Defendants to pay for pain and suffering in an amount in excess of $75,000; and

7. Plaintiff requests that Defendants pay punitive damages for her public humiliation and for retaliation that she has sustained for reporting unfair treatment of herself and other players that she observed in the Women's Soccer Program and deficiencies of administration in the Women's Soccer Program; and

8. Plaintiff requests any and all other relief as the court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/Rose Ann Fleming
Rose Ann Fleming, *Pro Hac Vice*
Ohio S. Ct. # 0041337
ROSE ANN FLEMING, P.C.
3855 Ledgewood Drive, Suite 13
Cincinnati, Ohio 45207
Phone: 513-745-4947
Fax: 513-745-4947
Email: flemingra@earthlink.net